NATIVIDAD VASQUEZ, PLAINTIFF, v. GLASSBORO SERVICE ASSOCIATION *ET AL.*, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Argued July 23, 1976—Decided August 3, 1976.

*Mr. Michael S. Berger,* Farmworkers Rights Project, Civil Liberties Education and Action Fund of the American Civil Liberties Union of New Jersey, appearing for the plaintiff.

*Mr. Frederick A. Jacob,* of the firm of *Lipman, Antonelli, Batt & Dunlap,* appearing for the defendants.

KING, J. S. C. The issue here is the applicability of *N. J. S. A.* 2A:18–61.1 (m) to a migrant worker under contract to a farm labor service, where the employer and each grower to which the farm worker is assigned is obligated by contract "to provide the worker with clean, adequate and hygienic housing at not [sic] cost to the workers." The employment agreement is detailed and requires the worker to perform agricultural labor at the direction of the employer for eight hours in each day work is offered and six days in each work week. Food is furnished by the employer, the worker agreeing to pay $3.40 a day for the three meals.

Effective February 19, 1976 the Legislature, by amendment to the summary dispossess statute, added § 1(m) which states in relevant part:

No lessee or tenant * * * may be removed by the county district court or the Superior Court from any house, building, * * * or tenement leased for residential purposes, * * * except upon establishment of one of the following grounds as good cause;
*     *     *     *     *     *     *     *

m. The Landlord or owner conditioned the tenancy upon and in consideration for the tenant's employment by the landlord or owner as superintendent, janitor or in some other capacity and such employment is being terminated.

The question is whether a migrant agricultural worker provided with living accommodations by his employer may be removed from his quarters by the employer without the process of summary dispossess proceedings. The problem is one of legislative intent. Both parties have diligently searched for enlightening legislative history on this application of the statute but none is apparent.

The Legislature apparently recognized that a residential employee may be a tenant within the meaning of the summary dispossess statute. The two categories are not mutually exclusive in most instances, as defendant suggests. Two key phrases require consideration: the conditioning of the tenancy "upon and in consideration for the tenant's em-

ployment" as "superintendent, janitor or in such other capacity."

The court has heard testimony on the order to show cause and finds as a fact that the employer under the circumstances of this case requires the agricultural worker to live at the labor camp. The contract is not specific on this point, but factually and realistically the worker must be available for assignment and would, under all ordinary circumstances, have no other place to live. The tenancy is most clearly in consideration for the employment, and the court finds factually that the tenancy is conditioned upon the employment. The evidence strongly suggests that the migrant worker would not have been brought from Puerto Rico and employed by the owner if he did not agree to live at the camp as part of the owner's immediately available labor pool. The entire tenor of the employment agreement is directed towards obtaining a source of labor by the furnishing of housing, food, medical care and transportation to a group of workers not otherwise available in the local labor market. If the owner could obtain labor without the conditioning of the tenancy upon the contract of employment, there would be no need for such an intricate arrangement.

The next troublesome phrase is, "or in some other capacity." The language is most broad. "Superintendent, janitor" suggests people who live and work about the premises in the service of the owner and employer. These workers did not work on the grounds of defendant Association but are pooled out to growers as the need arises. They are employed by the owner and are, in the language of the contract, "assigned to the grower." The fact that the work does not take place on the owner's land is not persuasive to this court. The sometimes *quasi*-executive work of the superintendent, or the manual work of the janitor, are not so different from the manual work of the agricultural laborer as to afford a distinction on such a categorical basis. When the Legislature said "or in some other capacity" it used broad language when it could have used more limited

or at least more precise expression. In sum, this court finds that the Legislature apparently meant what it said. Where the tenancy was conditioned upon and in consideration of the tenant's employment as superintendent, janitor or in some other capacity, the landlord owner must proceed by way of the summary dispossess procedure.

Policy arguments and practicalities of life are advanced by the litigants. None is particularly persuasive in either direction. The court must here attempt to discern legislative intent from the naked language of the amendment. This court finds that the Legislature has chosen to establish a tenancy status for employees who are provided with living quarters as a consideration for and a condition upon their employment relationship.

The equitable relief sought by plaintiff is allowed and an order may be presented accordingly.